Eric J. Benink, Esq., SBN 187434
Vincent D. Slavens, Esq., SBN 217132
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
625 Broadway, Suite 635
San Diego, CA 92101
Tel:   (619) 232-0331
Fax:   (619) 232-4019

Attorneys for Plaintiff Legacy Trading Group, LLC and the Putative Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEGACY TRADING GROUP, LLC, a California limited liability company, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

UNICO, INC., an Arizona corporation,

        Defendant.

Case No. 07 CV 2344 L RBB

DECLARATION OF MICHAEL MASELLI IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

DATE:
TIME:
DEPT:

I, Michael Maselli, declare as follows:

1. I am the managing member of Legacy Trading Group, LLC. ("Legacy") the plaintiff in the above-entitled matter. I have personal knowledge of the facts stated below and if called upon, I could and would testify competently thereto.

2. Legacy is a Unico, Inc. ("Unico") shareholder and since at least November 1, 2007, it has owned 5,562,269 common shares of Unico. Because Legacy is a shareholder, I sometimes review and participate in shareholder bulletin board discussions about Unico on the internet.

3. During the first few days of December 2007, I learned from a bulletin board discussion that Unico was planning a special shareholder meeting and had filed a Proxy Statement with the Securities and Exchange Commission on November 20, 2007.

4. After reading the Proxy Statement, I became alarmed by the proposed action to be voted upon at the meeting. Specifically, the board is proposing to effect a 500 to 1 reverse stock split of

the common shares. Such an action would severely dilute Legacy's and all other common shareholders' ownership percentage of the authorized shares. More importantly, it would allow the directors, who own 95% of the preferred shares, to convert their preferred shares to common shares and immediately control nearly 50% of outstanding shares.

5. Just as disturbing as the proposed action is the fact that Legacy has never received the Proxy Statement, a Proxy, or any other notification of the special shareholder meeting as of this date. During the first week of December 2007, I began communicating with other shareholders and learned that most of them had likewise not received the Proxy Statement, a Proxy, or any other notification of the shareholder meeting.

6. Within a day of learning that most shareholders had not received any sort of notification, I began consulting with attorneys to investigate the shareholders' rights.

7. I have communicated with at least 91 shareholders about this matter and only five have reported to me that they received the Proxy Statement. I asked shareholders with whom I have communicated to provide a declaration to confirm that they received no notice of the December 21, 2007 shareholder meeting. These declarations are being provided with the ex parte application for the temporary restraining order.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on _December 14_, 2007 in _Santa Rosa_, CA.

Michael Maselli
Managing Member of Plaintiff Legacy Trading Group, LLC,

2