Daniel J. Navigato, Esq. (SBN 164233)
Michael W. Battin, Esq. (SBN 183870)
NAVIGATO & BATTIN, LLP
501 West Broadway, Suite 2060
San Diego, California 92101
Tel. (619) 233-5365
Fax (619) 233-3268

Attorneys for Defendant UNICO, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY TRADING GROUP, LLC, a California limited liability company, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNICO, INC., an Arizona corporation,<br><br>    Defendant. | CASE NO.: 07CV2344L(RBB)<br><br>**DEFENDANT UNICO, INC'S OPPOSITION TO PLAINTIFF LEGACY TRADING GROUP, LLC'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br><u>Hearing</u><br>DATE:   December 18, 2007<br>TIME:   2:00pm<br>CTRM:   ___ |

Defendant and UNICO, INC. ("UNICO" or "Defendant") hereby respectfully submits the following Opposition to Plaintiff LEGACY TRADING GROUP, LLC'S ("Plaintiff") Ex Parte Application for Temporary Restraining Order ("Application").

## I. INTRODUCTION

On November 20, 2007, a proxy statement was filed by Unico, disclosing that a special shareholders meeting would be held on December 21, 2007, at which time shareholders will vote whether to amend Unico's Articles of Incorporation to effectuate a reverse stock split. If approved, this amendment would provide Unico with the opportunity to generate the capital needed in order for the corporation to move forward and take advantage of favorable market opportunities. Further, if approved, this amendment would create the authorized but unissued

1

shares needed to secure Unico from potential liabilities. However, in an effort to stifle this amendment and promote personal agendas, Plaintiff filed this Application asking that the meeting not go forward. The basis of Plaintiff's argument is that irreparable harm will occur if the meeting is held because shareholders have not received proper notice of the special meeting. This argument is difficult to comprehend when over 2.7 billion votes have already been cast and a quorum has already been created.

## II. ARGUMENT

### PLAINTIFF HAS NOT SATISFIED THE REQUIREMENTS FOR INJUNCTIVE RELIEF

"The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803 (1982); see also Stanley v. University of So. Calif., 13 F.3d 1313, 1320 (9th Cir. 1994). In addition, however, applications for *preliminary* relief (temporary restraining orders and preliminary injunctions) must meet additional criteria. These criteria are:

1. A likelihood of success on the merits;
2. A substantial threat that plaintiff will suffer irreparable injury if the injunction is denied;
3. The threatened injury outweighs any damage the injunction might cause to defendant;
4. The injunction will not disserve the public interest.

Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003).

The movant must clearly establish each of the factors to be entitled to preliminary injunctive relief. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Because preliminary injunctive relief is an extraordinary remedy, courts require the movant to carry its burden of persuasion by a "clear showing." See Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997); see also City of Angoon v. Marsh, 749 F.2d 1413, 1415 (9th Cir. 1984).

Here, Plaintiff has failed to establish by competent evidence the presence of any of the factors above. Therefore, the relief requested must be denied.

NAVIGATO & BATTIN, LLP
501 W. Broadway, Suite 2060
San Diego, CA 92101

07CV2344L(RBB)

### 1. Likelihood of Success on the Merits Is Slight.

The likelihood of success of Plaintiff's claim is slight as Unico has taken all necessary steps to ensure that all shareholders entitled to vote received notice of the special shareholders meeting and proxy materials. On December 6, 2007, Unico fulfilled its obligation to send notice and proxy materials to all shareholders of record entitled to vote at the December 21, 2007 special shareholder meeting. See Affidavit of Mailing attached hereto as Exhibit A.

### 2. No Substantial Threat of Irreparable Harm

As of December 18, 2007, 2,770,190,207 of the outstanding shares entitled to vote have been reported to Unico, constituting 57.7% of the shares entitled to vote, and thus creating a quorum. See Exhibit B attached to the Declaration of Mark Lopez filed herewith ("Lopez Decl."). Of these votes reported, 1,900,878,870 or 69% have been cast in favor of authorizing the proposed reverse stock split, indicating that the proposed amendment has nearly been authorized.

At this time, the outcome of the vote is all but a moot point, and thus enjoining the special meeting will not save Plaintiff from any harm. From Plaintiff's perspective, it may be harmed if the amendment is authorized because Plaintiff does not feel that the reverse stock split personally desirable. However, Plaintiff's harm will not stem from the fact that the meeting is allowed to go forward; Plaintiff's harm has already been suffered as a result of the votes already cast by Plaintiff's peers.

### 3. Threatened Injury to Plaintiff Is Greatly Outweighed By Damage the Injunction Might Cause to Unico and Others

Before a TRO or preliminary injunction may issue, the court must identify the harm that an injunction might cause the defendant and weigh it against plaintiff's threatened injury. See Scotts Co. v. United Industries Corp., 315 F.3d 264, 284 (4th Cir. 2002). Where the harm to defendant substantially outweighs any injury threatened by defendant's conduct, plaintiff must make a stronger showing of likely success on the merits. MacDonald v. Chicago Park Dist., 132 F.3d 355, 357 (7th Cir. 1997); see Coffee Dan's, Inc. v. Coffee Don's Charcoal Broiler, 305 F.Supp. 1210, 1216 (ND Cal. 1969) [where harm to defendant is great, injunctive relief should be

denied absent "clearest" showing of probable success on the merits].

    **a.**    **Threatened injury to Plaintiff is non-existent**

As shown, the threatened injury to Plaintiff is little if any, as enough votes have already been cast to constitute a quorum and the passage of the proposed amendment is all but authorized.

    **b.**    **Harm to Unico is significant**

If the injunction is granted, Unico and the shareholders that have already voted in favor of the reverse stock split will suffer substantial damage. Unico is currently in dire need of capital in order to move forward with it's business objectives and authorization of the reverse stock split would provide Unico with the means necessary to create this capital. The proposed reverse stock split would enhance the marketability of Unico's common shares to the financial community and it will greatly increase the number of authorized but unissued shares, giving Unico the opportunity to utilize shares for essential fundraising efforts. See Definitive Proxy Statement filed on November 20, 2007 with the SEC attached as Exhibit A to Plaintiff's Application, on file herein. Further, the additional shares and capital that will be created by the reverse stock split will allow Unico to take advantage of the currently favorable market conditions and opportunities without delay. Id.. It is essential that the reverse stock split be authorized at this time in order for Unico to function as a corporation.

**4.**    **Plaintiff's Proposed TRO Upsets the Status Quo**

A temporary restraining order is a form of preliminary injunctive relief issued *to preserve the status quo* and prevent irreparable harm until a full hearing can be held. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974) [emphasis added]. If a temporary restraining order is granted, the status quo will not be maintained, as a quorum has already been established at this time and the vote is set to go forward. Extensive time and effort has been expended by both Unico and the shareholders who have voted. The status quo will thus be upset if the TRO is granted.

/////

/////

NAVIGATO & BATTIN, LLP
501 W. Broadway, Suite 2060
San Diego, CA 92101

07CV2344L(RBB)

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Ex Parte Application for Temporary Restraining Order should be denied.

DATED: December 18, 2007                     NAVIGATO & BATTIN, LLP

                                             By: _____
                                                  Daniel J. Navigato
                                             Attorneys for Defendant UNICO, INC.

5

NAVIGATO & BATTIN, LLP
501 W. Broadway, Suite 2060
San Diego, CA 92101

07CV2344L(RBB)