UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY TRADING GROUP, LLC, ) | Civil No. 07cv2344-L(RBB) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING *EX PARTE* APPLICATION FOR TRO;** |
| ) | |
| v. ) | **SETTING BOND; and SETTING BRIEFING SCHEDULE AND DATE** |
| ) | |
| UNICO, INC., ) | **FOR SHOW CAUSE HEARING** |
| ) | |
| Defendant. ) | |
| ) | |

On December 17, 2007, plaintiff Legacy Trading Group ("Legacy"), a California limited liability company, filed the above-captioned case[1] against Unico, Inc. ("Unico") alleging violation of Section 14(a) and (c) of the Securities Exchange Act of 1934 and the Rules promulgated thereunder, and Arizona Revised Statute § 10-705. Unico is a publicly-traded Arizona corporation with San Diego as its principal place of business, with shares registered with the Securities and Exchange Commission ("SEC"). Unico filed a Schedule 14A Definitive Proxy Statement on November 20, 2007, with the SEC disclosing that Unico would hold a Special Meeting of shareholders on December 21, 2007, in San Diego, California. At that Special Meeting, the shareholders were to vote on amending Unico's Articles of Incorporation in order to effectuate a reverse stock split.

---

[1] Plaintiff filed this case as a class action.

Plaintiff filed an *ex parte* application for a TRO and notice was given to defendant of the Complaint and application for TRO. In its *ex parte* application, plaintiff contends that notice of the Special Meeting and/or the Proxy Statement were not provided to all shareholders. Prior to the December 18, 2007 hearing on plaintiff's application, defendant filed an opposition. Counsel for both parties appeared at the hearing.

A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999); *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *Roe*, 134 F.3d at 1402 (*quoting United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)); *accord Sun Microsystems*, 188 F.3d at 1119. "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown.'" *Sun Microsystems*, 188 F.3d at 1119 (*quoting National Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)). Under the second standard, "'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the *status quo* lest one side prevent resolution of the questions or execution of any judgment by altering the *status quo*." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (*quoting Republic of Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (*en banc)*). Furthermore, "serious questions" are substantial, difficult, and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation." *Id*.

For the reasons set forth in the official transcript of proceedings, the Court finds plaintiff has demonstrated, with admissible evidence, that it will suffer irreparable harm if the Special Meeting for Shareholders is held on December 21, 2007, because notice of the Special Meeting

and the Proxy Statement was not provided to all shareholders in violation of Section 14(a) and ARS § 10-705.  The Court further finds that the likelihood of success on the merits and the balance of harm tip in plaintiff's favor.  Finally, the public interest is best protected by enforcement of Section 14(a) which is intended to prevent management from obtaining authorization of corporate action through inadequate disclosures in proxy solicitation and to "safeguard the corporate suffrage of shareholders." *Ash v. GAF Corp.*, 546 F. Supp. 89, 92 (D.C. Penn. 1982).

Based on the foregoing and for the reasons more fully set forth in the Court's official transcript of proceedings, plaintiff's *ex parte* application for a TRO is **GRANTED**.  Defendant is hereby **ENJOINED** and **RESTRAINED** from holding a Special Meeting of the shareholders on December 21, 2007, or at any other time until the preliminary injunction hearing in this matter is heard.

**IT IS FURTHER ORDERED**:

1. Plaintiff shall post a bond in the amount of $10,000.00 within 48 hours of the filing of this Order.
2. That defendant shall show cause why a preliminary injunction should not issue on **Monday, January 7, 2008 at 10:30 a.m.** in Courtroom 14.
3. That defendant shall file and serve on opposing counsel an opposition to the application for a preliminary injunction not later than **December 28, 2007.**  If plaintiff desires to file a reply memorandum to defendant's opposition, it must file and serve its reply not later than **January 3, 2008.**

**IT IS SO ORDERED.**

DATED: December 18, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28