Daniel J. Navigato, Esq. (SBN 164233)
Michael W. Battin, Esq. (SBN 183870)
NAVIGATO & BATTIN, LLP
501 West Broadway, Suite 2060
San Diego, California 92101
Tel. (619) 233-5365
Fax (619) 233-3268

Attorneys for Defendant UNICO, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY TRADING GROUP, LLC, a California limited liability company, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNICO, INC., an Arizona corporation,<br><br>　　　　Defendant. | CASE NO.: 07CV2344L(RBB)<br><br>**DECLARATION OF MARK LOPEZ IN SUPPORT OF DEFENDANT UNICO, INC.'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>Hearing<br>DATE:　　January 7, 2008<br>TIME:　　10:30 a.m.<br>CTRM:　　14 |

I, Mark Lopez, declare:

　　1.　　I have knowledge of all the facts stated herein and if called as a witness, I could and would competently testify thereto.

　　2.　　I am the Chief Executive Officer of Unico, Inc. ("Unico"), an Arizona corporation.

　　3.　　On December 21, 2007 a special shareholders meeting was scheduled to take place during which shareholders were solicited to vote on an amendment to Unico's Articles of Incorporation to authorize the Board of Directors of Unico to effectuate a reverse stock split (the "Meeting").

1

4. Unico hired Transfer Online, Inc. to mail notice of the Meeting along with proxy materials to all Unico shareholders of record.

5. Unico hired Broadridge to mail notice of the Meeting along with proxy materials to beneficial owners of Unico shares.

6. Approval of the amendment authorizing the Board of Directors to effectuate a reverse stock split is essential to the continued business of Unico, as set forth in detail below.

7. If the Board of Directors is not authorized to effectuate a reverse stock split promptly, I believe Unico will likely fail as a corporation. Unico is yet to commence active mining operations and has no other means available to generate sufficient capital without having authorized but unissued stock available. If the reverse stock split is not approved, Unico will risk failure for the following reasons:

(a) Unico will not be able to pay off its outstanding liabilities. Unico presently has outstanding $5,769,080 face value of convertible debentures, of which $563,980 are convertible to shares of common stock at 80% of the market price of the common shares at the time of conversion and $5,205,100 are convertible to shares of common stock at 50% of the market price of the common shares at the time of the conversion. Approximately $4,149,080 of the face value of the debentures are presently in default due the fact that Unico does not currently have enough capital to pay them off, and the remaining debentures have maturity dates between now and June 11, 2008. Using the December 20, 2007 market price of $0.0008 per share, Unico would need to issue approximately 13,893,969,000 shares of its Common Stock if all of the convertible debentures were converted to shares of Common Stock. Further, Unico previously entered into stock payable agreements pursuant to which Unico received $999,000 and for which it is obligated to issue an aggregate of 42,785,700 shares of Common Stock. Unico does not currently have enough authorized but unissued shares of stock to account for these outstanding liabilities.

(b) Unico will not be able to support its business operations. Unico estimates that it will need to raise approximately $3,500,000 to support its business operations during the next 12 months. Approximately 4,375,000,000 shares of Common Stock would need to be sold

to raise this amount of money in accordance with the December 20, 2007 market price of $0.0008 per share. Presently, Unico does not have the amount of authorized but unissued stock available to raise the funds needed to supports business operations.

8. During a conversation I had with Unico shareholder John Geist, he informed me that he had received notice of the December 21, 2007 meeting and proxy materials days before he signed his declaration stating that he had not received said notice and proxy materials.

9. Unico will incur substantial cost and expense re-noticing the shareholders meeting previously scheduled for December 21, 2007. Based upon the costs and expense associated with noticing the previously scheduled meeting, the cost to re-notice the meeting can be broken down as follows:

(a) It will cost Unico $800.00 to reserve hotel accommodations in order to have a location at which to hold the rescheduled meeting.

(b) It will cost Unico $7,500 to hire Georgeson Inc. to solicit proxies on behalf of Unico in connection with the rescheduled special shareholders meeting. Attached hereto as Exhibit D is a copy of the letter of agreement between Unico and Georgeson Inc. which includes the cost of hiring Georgeson to solicit proxies for the December 21, 2007 scheduled meeting.

(c) It will cost Unico over $2,800.00 to hire Transfer Online to mail notice and proxy materials to all Unico shareholders of record. Attached hereto as Exhibit E is an invoice Unico received from Transfer Online for services Transfer Online performed in relation to the December 21, 2007 previously scheduled meeting.

(d) It will cost Unico over $14,000.00 to hire Broadridge to mail notice and proxy materials to beneficial owners of Unico shares. Attached hereto as Exhibit F is an invoice Unico received from Broadridge for a portion of the services Broadridge performed in relation to the December 21, 2007 previously scheduled meeting.

/////
/////
/////

NAVIGATO & BATTIN, LLP
501 W. Broadway, Suite 2060
San Diego, CA 92101

07CV2344L(RBB)

1  (e) I estimate that it will cost Unico $225.00 to conduct a Market Wire Press Release for the rescheduled meeting.

(f) Unico has filed a 8-K Current Report announcing the postponement of the meeting. Unico has also prepared and filed a new Proxy Statement and Notice of Shareholder Meeting. These tasks have cost Unico $2,880.

(g) Additionally, Unico will suffer costs resulting from delays to Unico's mill and mining projects which will occur due to the fact that Unico will not have enough capital to go forward with these projects until the reverse stock split is authorized.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27th day of December 2007, in San Diego County, California.

_____
Mark Lopez