# Georgeson

Georgeson Inc.
199 Water Street, 26th floor
New York, NY 10038
T 212 440 9800
F 212 440 9009
www.georgeson.com

November 28, 2007

Unico, Incorporated
8880 Rio San Diego Drive
8th floor
San Diego, CA 92108

Re: <u>Letter of Agreement</u>

This Letter of Agreement, including the Appendix attached hereto (collectively, this "Agreement"), sets forth the terms and conditions of the engagement of Georgeson Inc. ("Georgeson") by Unico, Inc. (the "Company") to solicit proxies on behalf of the Company in connection with its Special Meeting of Stockholders (the "Meeting") scheduled for December 21, 2007. The term of this Agreement shall be the term of the solicitation.

(a) *Services*. Georgeson shall perform the services described in the Fees & Services Schedule attached hereto as Appendix I (collectively, the "Services").

(b) *Fees*. In consideration of Georgeson's performance of the Services, the Company shall pay Georgeson the amounts, and pursuant to the terms, set forth on the Fees & Services Schedule attached hereto as Appendix I. The Fees & Services Schedule reflects Georgeson's current understanding that the Meeting, while non-routine in nature, will not involve the solicitation of proxies in connection with any contested or controversial matter (e.g. third party opposition, proxy fight, etc.). The Company acknowledges and agrees that, in the event that the Meeting involves matters Georgeson deems contested or controversial in nature, the Fees & Services Schedule will be subject to adjustment.

(c) *Expenses*. In connection with Georgeson's performance of the Services, and in addition to the fees and charges discussed in paragraph (b) hereof, the Company agrees that it shall be solely responsible for the following costs and expenses, and that the Company shall, at Georgeson's sole discretion, (i) reimburse Georgeson for such costs and expenses actually incurred by Georgeson, (ii) pay such costs and expenses directly and/or (iii) advance sufficient funds to Georgeson for payment of such costs and expenses:

- expenses incidental to the solicitation, including the preparation and mailing of the notice and inquiry required by Rule 14a-13 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and postage and freight charges incurred in delivering proxy solicitation materials;

Unico, Inc.
November 28, 2007
Page 2

**Georgeson**

- expenses incurred by Georgeson in working with its agents or other parties involved in the solicitation, including charges for bank threshold lists, data processing, telephone directory assistance, facsimile transmissions or other forms of electronic communication and delivery of proxies to the Company's tabulator;

- expenses incurred by Georgeson at the Company's request or for the Company's convenience, including copying expenses, expenses relating to the printing of additional and/or supplemental material and travel expenses of Georgeson's executives; and

- any other fees and expenses authorized by the Company and resulting from extraordinary contingencies which arise during the course of solicitation, including fees and expenses for advertising, (including production and posting), media relations, stock watch and analytical services.

(d) *Compliance with Applicable Laws.* The Company and Georgeson hereby represent to one another that each shall use its best efforts to comply with all applicable laws relating to the solicitation of proxies for the Meeting, including, without limitation, the Exchange Act and the rules and regulations promulgated thereunder.

(e) *Indemnification.* The Company agrees to indemnify and hold harmless Georgeson and its stockholders, officers, directors, employees, agents and affiliates against any and all claims, costs, damages, liabilities, judgments and expenses, including the fees, costs and expenses of counsel retained by Georgeson, which result from claims, actions, suits, subpoenas, demands or other proceedings brought against or involving Georgeson which directly relate to or arise out of Georgeson's performance of the Services (except for costs, damages, liabilities, judgments or expenses which shall have been determined by a court of law pursuant to a final and nonappealable judgment to have directly resulted from Georgeson's gross negligence or intentional misconduct). In addition the prevailing party shall be entitled to reasonable attorneys' fees and court costs in any action between the parties to enforce the provisions of this Agreement, including the indemnification rights contained in this paragraph. The indemnity obligations set forth in this paragraph shall survive the termination of this Agreement.

(f) *Governing Law.* This Agreement shall be governed by the substantive laws of the State of New York without regard to its principles of conflicts of laws, and shall not be modified in any way, unless pursuant to a written agreement which has been executed by each of the parties hereto. The parties agree that any and all disputes, controversies or claims arising out of or relating to this Agreement (including any breach hereof) shall be subject to the jurisdiction of the federal and state courts in New York County, New York and the parties hereby waive any defenses on the

Unico, Inc.
November 28, 2007
Page 3

# Georgeson

grounds of lack of personal jurisdiction of such courts, improper venue or *forum non conveniens*.

(g) *Exclusivity*. The Company agrees and acknowledges as follows:

　(i) Georgeson shall be the sole proxy solicitor retained by the Company in connection with the Meeting, and that the Company shall refrain from engaging any other proxy solicitor to render any Services, in a consultative capacity or otherwise, in relation to the Meeting.

　(ii) It is Georgeson's firm policy to defend any client which is the target of a contest for control involving another of Georgeson's clients. In consideration of Georgeson's standing commitment to represent the Company should it become the subject of a threatened or actual hostile contest for control (a "Control Transaction") for a period of one year from the date hereof, the Company agrees and acknowledges that it shall engage Georgeson as its sole proxy solicitor and/or information agent, as the case may be, in connection with such Control Transaction, and shall execute a separate mutually agreeable Letter of Agreement pertaining to such engagement

(h) *Additional Services*. In addition to the Services, the Company may from time to time request that Georgeson provide it with certain additional consulting or other services. The Company agrees that Georgeson's provision of such additional services shall be governed by the terms of a separate agreement to be entered into by the parties at such time or times, and that the fees charged in connection therewith shall be at Georgeson's then-current rates.

(i) *Confidentiality*. Georgeson agrees to preserve the confidentiality of (i) all material non-public information provided by the Company or its agents for Georgeson's use in fulfilling its obligations hereunder and (ii) any information developed by Georgeson based upon such material non-public information (collectively, "Confidential Information"). For purposes of this Agreement, Confidential Information shall not be deemed to include any information which (w) is or becomes generally available to the public in accordance with law other than as a result of a disclosure by Georgeson or any of its officers, directors, employees, agents or affiliates; (x) was available to Georgeson on a nonconfidential basis and in accordance with law prior to its disclosure to Georgeson by the Company; (y) becomes available to Georgeson on a nonconfidential basis and in accordance with law from a person other than the Company or any of its officers, directors, employees, agents or affiliates who is not otherwise bound by a confidentiality agreement with the Company or is not otherwise prohibited from transmitting such information to a third party; or (z) was independently and lawfully developed by Georgeson based on information described in clauses (w), (x) or (y) of this paragraph. The Company agrees that all reports, documents and other work product

**Georgeson**

Unico, Inc.
November 28, 2007
Page 4

provided to the Company by Georgeson pursuant to the terms of this Agreement are for the exclusive use of the Company and may not be disclosed to any other person or entity without the prior written consent of Georgeson. The confidentiality obligations set forth in this paragraph shall survive the termination of this Agreement.

(j) *Entire Agreement; Appendix.* This Agreement constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, among the parties hereto with respect to the subject matter hereof. The Appendix to this Agreement shall be deemed incorporated herein by reference as if fully set forth herein. This Agreement shall be binding upon all successors to the Company (by operation of law or otherwise).

If the above is agreed to by you, please execute and return the enclosed duplicate of this Agreement to Georgeson Inc., 199 Water Street – 26th Floor, New York, New York 10038, Attention: Marcy Roth, Contract Administrator.

Sincerely,

GEORGESON INC.

By: _____
Charles W. Garske

Title: _____Managing Director_____

Agreed to and accepted as of
the date first set forth above:

UNICO, INC.

By: _____

Title: __CEO__

Unico, Inc.
November 28, 2007
Page 5

# Georgeson

**APPENDIX I**

## Unico, Inc.

### FEES & SERVICES SCHEDULE

**BASE SHAREHOLDER MEETING SERVICES**                                              $7,500
- Advance review of proxy materials
- Dissemination of broker search cards
- Distribution of proxy materials
- Solicitation of Broadridge, brokers, banks and institutional holders
- Delivery of executed proxies

**ADDITIONAL SHAREHOLDER MEETING SERVICES**
- Direct telephone solicitation of registered shareholders /NOBOs                  TBD
  - $5.00 per completed call (incoming and outgoing)
  - $5.00 per TeleVote™ (if requested)

---

NOTE: The foregoing fees are <u>exclusive</u> of reimbursable expenses as described in paragraph (c) of this Agreement.

---

### FEE PAYMENT INSTRUCTIONS

The Company shall pay Georgeson as follows:

- Upon execution of this Agreement, the Company shall pay Georgeson $7,500, which amount is in consideration of Georgeson's commitment to represent the Company and is non-refundable.

- Upon completion of the solicitation, the Company shall pay Georgeson (i) any variable fees for Additional Shareholder Meeting Services (e.g., telephone calls, tabulation fees) which have accrued over the course of the solicitation and (ii) all reimbursable expenses.

Georgeson will send the Company an invoice for each of the foregoing payments.

**EXHIBIT D**

**UNICO, INCORPORATED**
8880 Rio San Diego Drive
8th Floor
San Diego, CA 92108
Phone: (619) 209-6124

November 20, 2007

The Depository Trust Company
Proxy Unit
55 Water Street, 50th Floor
New York, New York 10041-0099

VIA FACSIMILE: 1-212-855-5181 *or* 1-212-855-5183

Dear Sir or Madam:

Unico, Incorporated is registered on Depository Trust Company's (DTC) website: http://www.dtc.org. We hereby request DTC to provide to the agent or other representative named below (Representative) a copy of the security position listing attached to each omnibus proxy of DTC's nominee, Cede & Co., that DTC files with the undersigned.

Below is the pertinent information with regards to this year's special meeting of shareholders.

RECORD DATE: November 19, 2007            MEETING DATE: December 21, 2007

CLASS(ES): Common                          CUSIP NUMBER(S): 904622206

As Mark Lopez will be the tabulator of proxies for this meeting, please transmit this data via CCF Transmission directly to (tabulator).

Additionally, I authorize DTC to transmit these identical documents via your CCF Transmission directly to our proxy solicitor (**DTC ID#M210 SOLPRO**) as follows:

Georgeson Inc. - New York Office
199 Water Street- 26th Floor
New York, NY 10038
Attn.: Proxy Services

Sincerely,

By: *[signature]*
Mark Lopez

(*must be signed by an Officer of the Company*)

cc:     Georgeson Inc, fax number (212) 440-9009