Eric J. Benink, Esq., SBN 187434
Vincent D. Slavens, Esq., SBN 217132
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
625 Broadway, Suite 635
San Diego, CA 92101
Tel:   (619) 232-0331
Fax:   (619) 232-4019

Attorneys for Plaintiff Legacy Trading Group, LLC and the Putative Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY TRADING GROUP, LLC, a California limited liability company, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>UNICO, INC., an Arizona corporation,<br><br>   Defendant. | Case No. 07CV2344L(RBB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO UNICO, INC.'S OPPOSITION TO LEGACY TRADING GROUP, LLC'S APPLICATION FOR PRELIMINARY INJUNCTION<br><br>DATE:   January 7, 2008<br>TIME:   10:30 a.m.<br>COURT ROOM:   14 |

Plaintiff Legacy Trading Group, LLC. ("Legacy") respectfully submits its reply to Defendant Unico, Inc.'s Opposition to Plaintiff's Application for Preliminary Injunction.

## I.
## INTRODUCTION

By this action, Plaintiff seeks, on behalf of itself and a class of common shareholders, a preliminary injunction enjoining defendant Unico, Inc. ("Unico"), from holding the December 21, 2007 special shareholders meeting or alternatively to enjoin the implementation of the reserve stock split until proper notice of the meeting has been given to all the shareholders in compliance with the federal securities laws. (Compl. at ¶ 10.) On December 18, 2007, this Court granted Plaintiff's request for a Temporary Restraining Order ("TRO") precluding Unico from holding the special shareholder meeting until the preliminary injunction hearing on January 7, 2008. The Court found that Plaintiff had met all of the requirements for such an order, including a likelihood of success on

1

the merits and that Plaintiff would likely suffer substantial harm if the requested relief were not granted. The Court found that Unico failed to show that it had met its obligations under both federal securities laws and Arizona state law to provide timely notice of the special meeting to shareholders. The Court set a hearing date of January 7, 2008 to consider Plaintiff's application for a preliminary injunction.

On December 28, 2007, Unico filed its opposition to Plaintiff's application for preliminary injunction. While Unico explained its process of notifying its shareholders of record, it failed to show that it complied with the Rule 14a-13 notice requirements with regard to *beneficial owners*, like Plaintiff, whose shares are held in the name of a brokerage firm or other fiduciary ("record holders.") In fact, Rule 14a-13 isn't even discussed in Unico's opposition because Unico knows it cannot demonstrate compliance with it.

Unico also argues that because shareholders who testified in support of the TRO voted electronically, they must have received proper notice. But as discussed below, shareholders may have learned about the meeting through chat rooms or other mechanisms and voted without ever receiving proper notice. Many other shareholder presumably never received proper notice.

Finally, as set forth below, contrary to Unico's argument, this issue is not moot and, if the preliminary injunction is not granted, Plaintiff and the other Unico shareholders will suffer irreparable harm. Thus, Plaintiff respectfully requests that the Court preliminarily enjoin Unico from holding a special shareholders' meeting unless and until all shareholders are provided notice in compliance with federal securities laws.

## II.
## ARGUMENT

A.   **PLAINTIFF'S APPLICATION IS NOT MOOT**

In its complaint, Plaintiff asks this Court to preliminarily enjoin Unico from holding a special shareholders' meeting until it complies with its obligations under the federal securities laws to provide notice of such meeting to each shareholder. If Unico attempts to hold the special shareholders' meeting on a later date without proper notice and opportunity to participate for *all* shareholders, Plaintiff and common shareholders will be harmed, thus making this preliminary

injunctive relief essential. Just because the December 21, 2007 meeting has been stopped and the date has passed, does not render Plaintiff's action moot. Plaintiff has asked and will ask the Court to enjoin Unico from holding a special meeting of shareholders unless and until it first complies with its obligations to provide notice to shareholders as set forth in Rule 14a-3 and Rule 14a-13. Indeed, Unico has rescheduled the special shareholders' meeting for January 28, 2008. The Court's order is necessary to ensure that it complies with its obligations in notifying shareholders of that meeting.

**B.     UNICO HAS FAILED TO DEMONSTRATE THAT IT COMPLIED WITH ITS OBLIGATIONS TO PROVIDE NOTICE TO ALL SHAREHOLDERS.**

Despite a full opportunity, Unico has failed to demonstrate that it complied with its obligations under Section 14(a) and Rule 14a-3 to provide notice of the December 21, 2007 special shareholder meeting to each voting shareholder. *See*, 15 U.S.C. § 78n(a), 17 CFR 240.14a-10. Specifically, Unico has failed to demonstrate that it complied with all requirements of Rule 14a-13 regarding notice and mailing of proxy materials to beneficial owners, like Plaintiff, through record holders, such as banks and brokerage firms. 17 CFR 240.14a-13(a).

Rule 14a-13(a) requires that at least twenty (20) *business* days prior to the record date of a shareholder meeting where proxies are solicited, the registrant must follow specific procedures to inquire with each record holder (*i.e.* the broker, dealer, voting trustee, bank, association, or other entity exercising fiduciary powers in nominee name or otherwise) whether other persons are beneficial owners of the securities and, if so, the number of copies of proxy materials the record holder requires to provide notice to such beneficial owners. Based upon the record holders' responses, the registrant is required to provide the requested number of proxy materials to the record holder so that the record holder may send such materials to the beneficial owner of the securities. 17 CFR 240.14a-13(a).

Unico has failed to demonstrate that it has met these requirements. Instead, it merely submitted an Affidavit of Mailing that Broadridge mailed 3,667 pieces to beneficial owners represented by *Broadridge*'s Bank and Broker Clients. (*See*, Affidavit of Mailing by William O. Gauger.) Neither the affidavit nor Unico's opposition explains who these "Broadridge Bank and Broker Clients" are. Moreover, the affidavit fails to mention any inquiry process – for example,

3

what brokers were contacted (if indeed they were), or demonstrate that the inquiry was made 20 business days prior to meeting. (*See*, Rule 14a-13(a)(3)) Notably, the affidavit is careful not to state that the proxy materials were sent to <u>all</u> beneficial owners. Given the fact that the mailing allegedly occurred on December 6, 2007 and many shareholders submitted declarations stating that they had not received notice as of December 13, 2007, it does not appear that Broadridge's mailer covered all beneficial owners.

Because Unico has not demonstrated compliance with Rule 14a-13(a), the preliminary injunction must be issued. For the same reasons set forth above, Unico has also failed to show that it complied with the shareholder meeting notice requirements of Ariz. Rev. Stat. § 10-705.

**C.     THE FACT THAT SHAREHOLDERS VOTED DOES NOT MEAN THAT NOTICE WAS GIVEN BY UNICO, AS REQUIRED**

Unico argues that because some of those shareholders who submitted declarations in support of the TRO actually voted their shares prior to December 21, 2007, Unico must have met its notice obligations. (Dft. Brf. 5: 16 - 19.) But Unico ignores the fact, as set forth in the attached declaration of Mike Maselli, that Legacy and other shareholders voted through the internet after learning about this voting procedure from third parties – in the case of Legacy, from his broker during a phone conversation. (Declaration of Michael Maselli, filed herewith, ¶¶ 6,7.)

**D.     A PRELIMINARY INJUNCTION IS APPROPRIATE**

Unico focuses its opposition to the preliminary injunction on its contention that Plaintiff will not suffer irreparable harm, and that Unico will suffer substantial harm. (Def. Brf. 6-7.) But its argument is based on a false premise. Indeed, if Unico's position were logical, it would not have opposed this application for a preliminary injunction.

**1.     Plaintiff and Common Shareholders Will Suffer Irreparable Harm If A Preliminary Injunction Is Not Entered**

Unico argues that because 3,843,350,730 shares had been voted as of December 21, 2007, the date of the previously scheduled meeting, and 2,240,898,153 shares were voted in favor of the proposal to authorize the reverse stock split, even if Plaintiff did get notice, the proposed amendment would have passed anyway. But Unico ignores the fact that approximately 1,000,000,000 shares did not vote at all and the number of shares voting in favor of the proposal was equal to less than 50%

4

of the total outstanding shares necessary to pass the proposal assuming all shares participated. Moreover, had Plaintiff and other shareholders been given proper notice they could have campaigned and solicited proxies against the proposal, swaying many of the "yes" votes into "no" votes.

Unico next argues that the harm to Plaintiff has been averted because the December 21, 2007 meeting was cancelled and, thus, Plaintiff can no longer assert any harm arising from lack of notice of the meeting. But Plaintiff continues to face the possibility of irreparable harm if Unico attempts to reschedule the meeting without complying with the notice rules. Merely moving the meeting to a later date does not remedy Plaintiff's irreparable harm. The only way to prevent harm to Plaintiff is for this Court to enter an order enjoining Unico from holding a shareholder meeting without first complying with the federal securities laws.

Thus, as set forth in its application and as found by this Court, Plaintiff and common shareholders will likely suffer irreparable harm if the meeting is allowed to go forward without proper notice.

### 2. Unico Will Suffer No Additional Harm If The Preliminary Injunction Is Granted

Unico argues that it will suffer significant damages if the preliminary injunction is granted, claiming that it is in "dire need of capital in order (sic) pay off outstanding liabilities and survive as a corporation. . ." (Def. Brf. 7: 26-28.) Unico goes on to discuss its poor financial condition and need for additional capital to survive.

But Unico fails to explain why a preliminary injunction precluding it from soliciting proxies and holding a special shareholder meeting without first complying with the federal securities laws would prevent it from meeting its objectives. Moreover, Unico has already begun the process of rescheduling a special shareholder meeting for January 28, 2008, and allowing shareholders to vote on the proposed amendment. Plaintiff only asks that Unico comply with the notice requirements of the federal securities laws.

Finally, Unico argues that because it was wrongfully restrained, it is entitled to damages in the amount of the $10,000 bond posted by Plaintiff. But as set forth above, the temporary restraining order was properly issued and, therefore, Unico is not entitled to any damages.

5

# IV.
# CONCLUSION

Unico has ignored, both in its actions and its papers, Rule 14a-13. Given its past failures, Plaintiff asks that the Court enter a preliminary injunction prohibiting it from violating Rule 14a-3 and Rule 14a-13, in connection with any future shareholder meetings. Plaintiff further requests that the $10,000 bond be released forthwith.

DATED:    January 3, 2008                KRAUSE KALFAYAN BENINK & SLAVENS, LLP


                                         s/ Eric J. Benink
                                         Eric J. Benink
                                         Attorney for Plaintiff and the Class

# PROOF OF SERVICE

*Legacy Trading Group v. Unico, Inc., et al.*
Case No. 07-CV-2344-L-RBB

I am employed with the LAW OFFICES OF KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP, whose address is 625 Broadway, Suite 635, San Diego, California, 92101; I am not a party to this cause. I am over the age of eighteen years.

I further declare that on January 3, 2008 I served a copy of the attached document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO UNICO, INC.'S OPPOSITION TO LEGACY TRADING GROUP, LLC'S APPLICATION FOR PRELIMINARY INJUNCTION**

on the interested parties listed below:

| | |
|---|---|
| Michael Werner Battin, Esq.<br>NAVIGATO & BATTIN<br>501 West Broadway, Suite 2060<br>San Diego, CA 92101<br>Telephone: (619) 233-5365<br>Facsimile: (619) 233-3268 | Attorney for Defendant<br>UNICO, INC. |

[X]  **BY ECF (ELECTRONIC CASE FILING):** I e-filed the foregoing documents utilizing the United States District Court, District of New Jersey's mandated ECF (Electronic Case Filing) service on **September 19, 2007**. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

[X]  **BY FIRST CLASS MAIL:** I placed a true and correct copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 3, 2008**

*Aimee Vignocchi*
Aimee Vignocchi