```
Daniel J. Navigato, Esq. (SBN 164233)
Michael W. Battin, Esq. (SBN 183870)
NAVIGATO & BATTIN, LLP
501 West Broadway, Suite 2060
San Diego, California 92101
Tel. (619) 233-5365
Fax (619) 233-3268
```

Attorneys for Defendant UNICO, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY TRADING GROUP, LLC, a California limited liability company, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNICO, INC., an Arizona corporation,<br><br>Defendant. | CASE NO.: 07CV2344L(RBB)<br><br>**SUPPLEMENTAL DECLARATION OF MARK LOPEZ IN SUPPORT OF DEFENDANT UNICO, INC.'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**<br><br><u>Hearing</u><br>DATE:   January 7, 2008<br>TIME:   10:30 a.m.<br>CTRM:   14 |

I, Mark Lopez, declare:

1. I have knowledge of all the facts stated herein and if called as a witness, I could and would competently testify thereto.

2. I am the Chief Executive Officer of Unico, Inc. ("Unico"), an Arizona corporation. I submit this <u>supplemental</u> declaration to address issues raised in Plaintiff LEGACY TRADING GROUP, LLC's Reply, regarding compliance with 17 CFR 240.14a-13.

3. Unico is in the business of natural resources mining operations. However, Unico has yet to commence active mining operations and is in the process of completing construction of its mill and processing facility.

4.   On August 31, 2007, Unico settled lawsuits with several holders of convertible debentures. In total, as part of court-approved settlements, Unico issued approximately 2.9 billion (2,900,000,000) shares of its common stock to the debenture holders. This greatly depleted Unico's authorized but unissued shares.

5.   In September and October, 2007, Unico continued to try to finish the mill and processing facility and begin active mining operations so that it could generate revenues, as other debentures were coming due. However, Unico experienced a series of setbacks and still has not begun active mining operations. By the end of October, 2007, it became apparent that additional capital would be needed to finish the mining facility.

6.   Also, in late October, 2007, a group of non-affiliated debenture holders whose convertible debentures were in default demanded, pursuant to the terms of the debentures, that Unico make additional shares available to satisfy the debentures' conversion rights. In that regard, the debenture holders demanded that additional shares be authorized before the end of the calendar year.

7.   As a result of the capital required to finish the mining facility and the demand by the holders of the defaulted debentures, in early November, I decided that a special shareholders' meeting was necessary to vote on a reverse stock split to make additional shares available for the above purposes.

8.   Unico set the record date for the meeting as November 19, 2007 and scheduled the special shareholders' meeting for December 21, 2007 because of the urgency for capital and the demands of the debenture holders. Given these time constraints, it was impracticable to set these dates any later.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 4th day of January 2008, in San Diego County, California.

_____
Mark Lopez